[EDITORS' NOTE: THIS OPINION HAS BEEN WITHDRAWN.]
FILED 38
Colonel Samuel S. Smith Superintendent Missouri State Highway Patrol 1510 East Elm Street Jefferson City, Missouri 65101
Dear Colonel Smith:
This opinion is issued in response to your request for an official ruling on the following questions:
 a. Does House Bill No. 103, 78th General Assembly, First Regular Session, entitle a state employee to a leave of absence without loss of time, pay, regular leave, impairment of efficiency rating, or of any of the other rights or benefits to which otherwise entitled, for all periods of military services to the state at the call of the Governor and as ordered by the Adjutant General or is the state employee's leave of absence in these circumstances limited to 15 calendar days in any one calendar year?
 b. In calculating the 15 calendar day limitation referred to in House Bill No. 103, should a state agency include those days when the employee would not have been scheduled to work?
House Bill No. 103, 78th General Assembly, First Regular Session, reads in pertinent part:
 "All officers and employees of this state, or of any department or agency thereof, or of any county, municipality, school district, or other political subdivision, and all other public employees of this state who are or may become members of the national guard or of any reserve component of the armed forces of the United States, shall be entitled to leave of absence from their respective duties, without loss of time, pay, regular leave, impairment of efficiency rating, or of any other rights or benefits, to which otherwise entitled, for all periods of military services during which they are engaged in the performance of duty or training in the service of this state at the call of the governor and as ordered by the adjutant general and for all periods of military services during which they are engaged in the performance of duty in the service of the United States under competent orders for a period not to exceed a total of fifteen calendar days in any one calendar year."
To correctly ascertain the intent of the legislature in passing House Bill No. 103, it is first necessary to become acquainted with this bill as it was originally introduced and perfected. The bill, when first introduced, read in pertinent part as follows:
 "All officers and employees of this state, or of any department or agency thereof, or of any county, municipality, school district, or other political subdivision, and all other public employees of this state who are or may become members of the national guard or of any reserve component of the armed forces of the United States, shall be entitled to leave of absence from their respective duties, without loss of time, pay, regular leave, impairment of efficiency rating, or of any other rights or benefits, to which otherwise entitled, for all periods of military services during which they are engaged in the performance of duty or training in the service of this state at the call of the governor and as ordered by the adjutant general without regard to length of time, and for all periods of military services during which they are engaged in the performance of duty in the service [or] of the United States under competent orders [except that an officer or employee while on leave shall be paid his salary or compensation] for a period not to exceed a total of ten working days in any one calendar year." (Emphasis added)
The bill, as perfected, read in pertinent part as follows:
 "All officers and employees of this state, or of any department or agency thereof, or of any county, municipality, school district, or other political subdivision, and all other public employees of this state who are or may become members of the national guard or of any reserve component of the armed forces of the United States, shall be entitled to leave of absence from their respective duties, without loss of time, pay, regular leave, impairment of efficiency rating, or of any other rights or benefits, to which otherwise entitled, for all periods of military services during which they are engaged in the performance of duty or training in the service of this state at the call of the governor and as ordered by the adjutant general without regard to length of time, and for all periods of military services during which they are engaged in the performance of duty in the service [or] of the United States under competent orders [except that an officer or employee while on leave shall be paid his salary or compensation] for a period not to exceed a total of [ten working] fifteen calendar days in any one calendar year."
By comparing the bill as it was originally introduced and perfected with the bill that was finally passed (note emphasis), we conclude that the legislature intended the fifteen-day limitation to apply to all military leaves of absence regardless of whether the employee is called to duty by the state or federal government. The bill as originally introduced and perfected specifically provided that a state employee was entitled to a leave of absence for all periods of military duty or training requested by the Governor and as ordered by the Adjutant General without regard to length oftime. The phrase "without regard to length of time," does not, however, appear in the bill as finally approved. The legislature, by first including this phrase and then deleting it during final passage, must have intended that both state and federal military leaves of absence be subject to the fifteen-day limitation. This conclusion is buttressed by the fact that the bill deals with state and federal service in the same sentence, and it is at the end of that sentence that the fifteen-day limitation appears. It is, therefore, the opinion of this office that House Bill No. 103 does not provide for unlimited leave for state employees who are called to military duty by the Governor and the Adjutant General. Rather, a state employee is entitled each year to a maximum of fifteen calendar days of military leave with full benefits, regardless of whether he serves the state or federal government.
Your second question concerns the interpretation of the fifteen calendar day limitation referred to in House Bill No. 103. You want to know whether, in calculating the length of leave available to an employee called to military duty, you should include only those days when the employee was scheduled to work or whether you should also include those days when the employee was not scheduled to work. Since a court can legitimately consider circumstances surrounding the enactment of a statute, State v. Wright, 515 S.W.2d 421 (Mo.Banc 1974); Rathjen v. Reorganized School District R-II of Shelby County,284 S.W.2d 516 (Mo.Banc 1955), it is relevant that there was some confusion in the administration of Section 105.270, RSMo 1969, the precursor to House Bill No. 103. That bill provided that a state employee's military leave of absence was not to exceed a total of ten working days in any one calendar year. Certain agencies interpreted ten working days to mean ten days from the time of departure to the time of return, regardless of whether the state employee was scheduled to work on all the interim days or not. It could, therefore, be inferred that the change to fifteen calendar days was not intended to extend the leave available, but rather to provide for a uniform system of counting the days of leave which had been expended. The legislature substituted calendar days for working days specifically to show that each and every day should be counted, not merely those days when the employee was scheduled to work. Hence, it is our opinion that an agency, in calculating the amount of military leave which a state employee has expended, should include all days from the time of the employee's departure until the time of his return, regardless of whether the employee was scheduled to work on all interim days or not.
CONCLUSION
Therefore, it is the conclusion of this office that House Bill No. 103, 78th General Assembly, First Regular Session, entitles a state employee each calendar year to a maximum of fifteen days of military leave with full benefits, regardless of whether he is called to duty by the state or federal government. In calculating the fifteen-day limitation, a state agency should count each day from the time of the employee's departure until the time of his return, regardless of whether the employee was scheduled to work on all interim days or not.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Nanette Laughrey.
Yours very truly,
 JOHN C. DANFORTH Attorney General